IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JANET DOWNING,** | ] |
| **Plaintiff,** | ] |
| v. | ] CV-03-BE-2845-S |
| **STATE FARM LIFE INSURANCE COMPANY, et. al.,** | ] |
| **Defendants.** | ] |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This case is before the court on two motions for summary judgment (docs. # 21 & # 33) filed by defendants State Farm Life Insurance Company and State Farm VP Management Corp. ("State Farm"). Also pending before the court is the defendants' motion to strike (doc. # 35) and the plaintiff's motion to strike (doc. # 36).[1] Following briefing by both sides, the court held a hearing on August 25, 2005. After the hearing, the court permitted the plaintiff to file supplemental evidentiary materials.[2]

For the reasons explictedly stated on the record at the hearing and summarized below, the court finds that the defendants' motions for summary judgment are due to be GRANTED.

---

[1] The court construes the motion to strike filed by the plaintiff (doc. # 36) as an opposition to the motion for summary judgment. *See* Hearing Transcript, August 25, 2005.

[2] Specifically, the plaintiff submitted a 2000 case from the Supreme Court of Appeals of West Virginia and various materials relating to the statute of limitations for breach of contract, contracts under seal, and materials relating to the law of wills and trusts.

1

*Pro se* plaintiff Janet Downing filed this lawsuit on October 20, 2003 alleging that defendants State Farm Life Insurance and State Farm VP Management Corp. "misappropriated funds and benefits through trover and conversion" in connection with life insurance policies issued to her and her now deceased husband, Michael Franklin.[3]  Downing's complaint does not contain a cause of action for fraud, breach of any type of contract, or bad faith.

Mindful of the plaintiff's *pro se* status, the court directed Ms. Downing to clarify the factual context of her claims against the various defendants.  For example, after the March 23, 2005 status conference, the court gave Downing an opportunity to provide a more coherent explanation of her theories against State Farm by permitting her to supplement her previously filed objection to the motion for summary judgment.  Unfortunately, the plaintiff's supplemental response was of little help in understanding the factual basis of the claims alleged in her complaint.

Consequently, the court has been placed in the precarious position of interpreting the precise factual and legal nature of the claims asserted in this lawsuit.  After a thorough examination of the record, including the facts contained in the defendants' motions for summary judgment and those contained in the plaintiff's various filings in objection to the motion for summary judgment, the court interprets this lawsuit as one for conversion based upon Downing's allegations that, in 1985, State Farm converted proceeds from a variable universal life policy that she and her husband had previously purchased from the Equitable Life Assurance Society in 1981.  However, the court has also considered whether any of the facts asserted by the plaintiff would give rise to a cognizable claim for any other cause of action.[4]

---

[3] Mr. Franklin died on July 15, 2002.

[4] The court rejects the plaintiff's argument that the insurance policies at issue in this case are registered securities under the Securities Act of 1933.

2

Summary judgment is an integral part of the Federal Rules of Civil Procedure and allows a trial court to decide cases when no genuine issues of material fact are presented and when the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56. The parties' disagreement on each and every fact is not significant; the law requires only that "there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). *See also Celotex v. Catrett,* 477 U.S. 317, 327 (1986). A factual dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 251-52. Mere speculation is insufficient to create an issue of fact and defeat a properly-supported motion for summary judgment. *See Ramsey v. Leath*, 706 F.2d 1166, 1169-70 (11th Cir. 1983).

## II. DISCUSSION[5]

The court concludes that the defendants' motions for summary judgment are due to be granted based on the expiration of the statute of limitations.[6] Under Alabama law, the statute of limitations for conversion is six years. Code of Ala. § 6-2-34 (1975).[7] To establish conversion, a plaintiff must show a wrongful taking, an illegal assumption of ownership, an illegal use or misuse of another's property, or a wrongful detention or interference with another's property. *Birmingham-Jefferson County Transit Auth. v. Arvan,* 669 So. 2d 825, 828 (Ala. 1995). "A

---

[5]Based on the lengthy presentation contained in the parties' submissions and the court's recitation of the relevant facts at the August 25, 2005 hearing, the court does not separately discuss all the facts in this Memorandum Opinion.

[6]In so holding, the court does not make a determination about the merits of the plaintiff's allegations.

[7]The court rejects the plaintiff's argument that the life insurance policies at issue in this case are "contracts under seal" and subject to a ten year statute of limitations pursuant to Code of Alabama § 6-2-33.

conversion claim generally accrues at the time the conversion occurs." *Casassa v. Liberty Life Ins. Co.,* 949 F. Supp. 825, 831 (M.D. Ala. 1996).

According to the plaintiff's statements at the motion hearing and the allegations of her complaint, the legal wrongs at issue allegedly occurred in either 1993, 1988, 1986, or 1985. Given these admissions and the requisite six year statute of limitations, the court concludes that the statute of limitations expired, at the latest, in 1999, prior to the filing of this lawsuit on October 20, 2003.

Based on the foregoing analysis and the requisite standard of review, the court concludes that the defendants' motions for summary judgment (docs. # 21 & # 33) are due to be GRANTED as to all of the plaintiff's claims.

The court will enter a separate order consistent with this Memorandum Opinion.

DONE and ORDERED this 7th day of September, 2005.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE